UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SALVADOR CATARINO
ORDONEZ CINTO,

    Petitioner,

v.                                  Case No.:  2:26-cv-00459-SPC-NPM

WARDEN, FLORIDA SOFT SIDED
FACILITY SOUTH *et al.*,

    Respondents,
_____/

**OPINION AND ORDER**

    Before the Court are Salvador Catarino Ordonez Cinto's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 12).  For the below reasons, the Court grants the petition.

    Ordonez Cinto is a native and citizen of Guatemala who entered the United States without inspection in November 2003.  He has no criminal history other than one minor traffic offense and a U.S. citizen child.  On January 15, 2026, Border Patrol arrested Ordonez Cinto during a traffic stop and turned him over to Immigration and Customs Enforcement ("ICE").  ICE issued a notice to appear on February 25, 2026.  Ordonez Cinto is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

    The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA")

applies to Ordonez Cinto. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Ordonez Cinto asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Ordonez Cinto's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Ordonez Cinto has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond

2

hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondents to either bring Ordonez Cinto before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Ordonez Cinto to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Ordonez Cinto receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him. Likewise, if an immigration judge finds no jurisdiction to consider Ordonez Cinto's bond request, the respondents must release him.

Accordingly, it is hereby

**ORDERED**:

Salvador Catarino Ordonez Cinto's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Ordonez Cinto for an individualized bond hearing before an immigration judge or (2) release Ordonez Cinto under reasonable conditions of supervision.  If the respondents release Ordonez Cinto, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 9, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record